IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 04-cv-01646-RPM-MJW**

ANDREW YACIUK,

Plaintiff,

v.

FORD MOTOR COMPANY, a Delaware corporation,
TRW VEHICLE SAFETY SYSTEMS, INC., a Delaware corporation,
JOSE GOMEZ, an alien,
RALPH MILLER, an Ohio resident, individually and d/b/a Diamond Coatings Inc., and
LEE MILLER, an Ohio resident, individually and d/b/a Diamond Coatings Inc

Defendants.

---

**RECOMMENDATION ON
(1) PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT
AGAINST DEFENDANT JOSE GOMEZ (DOCKET NO. 72) AND
(2) PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT
AGAINST DEFENDANT RALPH MILLER (DOCKET NO. 73)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on November 4, 2005, for hearing on the Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Jose Gomez (docket no. 72) and on the Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Ralph Miller (docket no. 73) pursuant to Vanable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983), and Hunt v. InterGlobe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985). The Plaintiff was present with counsel, Carrie R. Frank, Esquire. Defendant Jose Gomez was present pro se in custody. Defendant Ralph Miller was not present.

2

The court has considered the testimony and credibility of Lynette St. Jean, M.A., and Andrew Yaciuk. In addition, the court has considered Plaintiff's exhibits 1 and 2 that were admitted into evidence during this hearing. Furthermore, the court has taken judicial notice of the court's file and considered Rule 55 of the Federal Rules of Civil Procedure and applicable case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Jose Gomez (docket no. 72) and Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Ralph Miller (docket no. 73) were referred to Magistrate Judge Michael J. Watanabe for hearing and recommendation by Senior District Judge Richard P. Matsch pursuant to an Order of Reference dated August 11, 2004.

2. That it has jurisdiction over the subject matter and over the parties to this lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391(a).

3. That venue is proper in the state and District of Colorado.

4. That each party has been given a fair and adequate opportunity to be heard.

5. That the Clerk of Court entered a Clerk's default pursuant to Fed.

3

R. Civ. P. 55 (a) against Defendants Jose Gomez and Ralph Miller on October 20, 2005.

6. That Defendant Ralph Miller failed to appear for this Fed. R. Civ. P. 55 hearing.

7. That Defendant Jose Gomez appeared for this Fed. R. Civ. P. 55 hearing, in custody, but did not question any of the witnesses who were called during this hearing and did not present any evidence during this hearing.

8. That Defendants Jose Gomez and Ralph Miller are not infants or incompetent, officers or agents of the State of Colorado, or in the military service.

9. That the decedent, Patricia M. Yaciuk, died in an auto accident which is the subject matter of this wrongful death action on August 12, 2002.

10. That the Plaintiff, Andrew Yaciuk, was married to the decedent, Patricia M. Yaciuk, for 29 years.  At the time of decedent's death she was age 51 and in good health.  Born to this marriage were two sons, Daniel Yaciuk who is currently age 29 and Tim Yaciuk currently age 27.

11. That decedent was a devoted wife and mother and was primary caretaker for the two Yaciuk boys while they were growing up.  The

4

decedent also took very good care of her husband throughout her life. In particular, she provided daily hands-on care to the Plaintiff following his double bypass surgery in 1997.

12. That the decedent was a professional school teacher by trade. At the time of her death, she was employed by the Douglas County School District and was earning $55,000 per year as a school teacher.

13. That the marital relationship between the Plaintiff and the decedent was a good one. There was never any discussion about divorce, and they had planned to enjoy retirement with each other.

14. That since the decedent's death, the Plaintiff has had trouble sleeping and has sought medical intervention. He has tried to take medication to help him sleep, and he was forced to retire early because he has been unable to do his contract work since his wife's death. Plaintiff testified that he is very lonely, does not plan on remarrying ever again, and has no real purpose in life since his wife's death. He continues to suffer emotionally from the loss and lost companionship of his wife.

15. That Lynnette St. Jean, M.A., was qualified at this hearing as an expert in the areas of economics and wrongful death valuation of loss. Ms. St. Jean testified that Plaintiff has suffered $79,300.00 in past economic loss and will suffer net present value of

$477,500.00 for future economic loss. The total for past economic loss and net present value for future economic loss is $556,800.00. <u>See</u> testimony of Lynnette St. Jean, M.A., and Plaintiff's exhibit 1 and 2. Ms. St Jean's testimony was uncontested.

16. That the Plaintiff has suffered non-economic loss of $250,000.00. <u>See</u> § 13-21-203(1)(a), C.R.S.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Jose Gomez (docket no. 72) be **GRANTED.**

2. That Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Ralph Miller (docket no. 73) be **GRANTED**.

3. That default judgment enter in favor of Plaintiff Andrew Yaciuk and against Defendants Jose Gomez and Ralph Miller, jointly and severally.

4. That Plaintiff be awarded for past economic damages the amount of $79,300.00.

5. That Plaintiff be awarded for net present value future economic damages the amount of $477,500.00.

6. That Plaintiff be awarded for non-economic damages the amount of $250,000.00.

7. That Plaintiff be awarded pre-judgment interest on the principal amount of

the judgment pursuant to § 13-21-101, C.R.S., from August 12, 2002, through the date that judgment is entered by Judge Matsch;

8. That Plaintiff be awarded post-judgment interest pursuant to 28 U.S.C. § 1961 from the date that judgment is entered by Judge Matsch until the judgment is fully paid; and,

9. That Plaintiff be awarded his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C. COLO. LCivR 54.1.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written specific objections WILL PRECLUDE the party from a *de novo* determination by the District Judge, United States v. Raddatz, 447 U.S. 667, 676-83 (1980), and also WILL PRECLUDE appellate review of both factual and legal questions, Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 17th day of November 2005.

BY THE COURT

s/ Michael J. Watanabe_____
Michael J. Watanabe
United States Magistrate Judge